UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUCAS RODRIQUEZ,

                                        Petitioner,

                v.                                                      9:07-CV-0217
                                                                        (LEK/GHL)

JOHN W. BURGE,

                                        Respondent.

_____

APPEARANCES:                                    OF COUNSEL:

LUCAS RODRIQUEZ
01-B-2538
Petitioner, *pro se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ANDREW M. CUOMO                            LEA L. LA FERLITA, ESQ.
Office of the Attorney General                  Assistant Attorney General
State of New York
Counsel for Respondent
120 Broadway
New York, New York 10271

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION & ORDER[1]

        Petitioner Lucas Rodriquez, *pro se*, is an inmate in the custody of the New York State

Department of Correctional Services.  After a jury trial in September of 2001 in New York State

Supreme Court, Oneida County, Petitioner was found guilty of one count of Murder in the Second

Degree and two counts of Criminal Possession of a Weapon in the Third Degree.  Dkt. No. 32.

Petitioner was sentenced to serve a prison term of twenty-five years-to-life.  *Id.*

_____

        [1] This action has been referred to the undersigned by Judge Lawrence E. Kahn, Senior
United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and
Northern District of New York Local Rule 72.3(c).

Petitioner's conviction was affirmed by the Appellate Division, Third Department, and leave to appeal to the Court of Appeals was denied. *People v. Rodriquez*, 24 A.D.3d 1321 (N.Y. App. Div. 2005), *leave denied* 6 N.Y.3d 817 (2006).

Petitioner then commenced the present action. Dkt. No. 1 at 12. However, the action was later stayed, upon Petitioner's request to return to the state courts to exhaust additional claims. Dkt. Nos. 14, 16.

While this action was stayed, Petitioner filed a motion to vacate judgment under N.Y. C.P.L. § 440.10 ("CPL § 440 motion") on December 13, 2007. Ex. G. The motion was denied by the Oneida County Court on February 4, 2008. Ex. I. Leave to appeal was denied by the Appellate Division on August 4, 2008. Ex. K.

Petitioner also filed a petition for writ of error coram nobis on November 13, 2008. Ex. L. The petition was denied by the Appellate Division on March 20, 2009. Ex. N. Leave to appeal to the New York Court of Appeals was denied on August 12, 2009. Ex. P; *People v. Rodriquez*, 13 N.Y.3d 749 (2009).

On August 19, 2009, Petitioner advised the Court that he was denied leave to appeal to the New York Court of Appeals with regard to his petition for writ of error coram nobis, and requested an extension of time to file an amended petition. Dkt. No. 29. The Court granted Petitioner's request, and lifted the stay. 08/24/09 Text Order.

Petitioner then filed the present amended petition, raising the following grounds for habeas relief: (1) trial counsel rendered ineffective assistance of counsel; (2) appellate counsel rendered ineffective assistance of counsel; (3) the trial court erred by allowing the prosecutor to improperly impeach witnesses, and by admitting the handgun into evidence; and (4) the evidence was

insufficient to convict Petitioner of one of the weapon possession charges.  Dkt. No. 32.  For the

reasons which follow, it is recommended that the petition be denied.

## I.  BACKGROUND

On February 10, 2001, James Freeman drove two individuals to the corner of James and

Neilson Streets in Utica, New York.  TT[2] 268, 272-75, 299-300, 543-46.  The two individuals

planned to meet Petitioner, who was their friend, at this location.  TT 268-71, 296-99, 543.  While

they approached the meeting location, Petitioner was standing on the corner and talking with

Michael Daley.  TT 275-76, 545-46.  Daley tried to run away.  TT 546, 550.  Petitioner shot Daley

in the forehead, causing Daley to fall to the ground.  TT 275-76, 336, 364, 547.  Petitioner then shot

Daley three more times in the face at close range.  TT 289, 314, 336, 347-49, 359, 364, 378, 548.

Petitioner fled.  TT 278.  The two individuals exited the vehicle and also ran.  TT 277-80, 302-03,

323-25, 548-49.  Emergency personnel later arrived at the scene, and pronounced Daley dead.  TT

456-57.  He was eighteen years old.[3]  TT 240.

Petitioner was charged with committing two counts of murder in the second degree

("intentional murder," and "depraved indifference murder").  *See* TT 781-84.  He was also charged

with two counts of criminal possession of a weapon in the third degree.  TT 803.  He was convicted

of the first count of murder in the second degree ("intentional murder"), and the two counts of

criminal possession of a weapon in the third degree.  *Id.*

## II.  DISCUSSION

_____

[2]  "TT" refers to the trial transcript.  Dkt. Nos. 41-19, 41-20, 41-21, 41-22.

[3]  One of the individuals who ran away from the scene testified that Petitioner was a "little
bit" upset about an assault that occurred between Petitioner's brother and Daley for which Daley
had been prosecuted.  TT 289-90; *see* TT 244-45.

3

A.      **Applicable Standard of Review**

When reviewing a habeas petition, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States.  28 U.S.C. § 2241(c).  Relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *DiGuglielmo v. Smith*, 366 F.3d 130, 136-137 (2d Cir. 2004).   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim that was adjudicated on the merits in state court proceedings unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, 127 S. Ct. 649, 653 (2006); *Campbell v. Burgess*, 367 F. Supp. 2d 376, 380 (W.D.N.Y. 2004).

A decision is adjudicated "on the merits" when it finally resolves the claim, with res judicata effect, based on substantive rather than procedural grounds.  *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001).  This is so, "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law."  *Id.* at 312.  To determine whether a state court has adjudicated a claim "on the merits," a federal habeas court must examine three "clues"[4] to classify the state court decision as either (1) fairly appearing to rest primarily on federal law or to be interwoven with federal law; or (2) fairly appearing to rest primarily on state procedural law. *Jimenez v. Walker*, 458 F.3d 130, 145 (2d Cir. 2006).  "Absent a clear and express statement of reliance on a state procedural bar," decisions in the first category are deemed to have been made "on the merits" of the federal claim.  *Id.* at 145.

---

[4]  The three "clues" to the basis of a state court's decision are (1) the face of the state court opinion; (2) whether the state court was aware of a procedural bar; and (3) the practice of state courts in similar circumstances.  *Jimenez*, 458 F.3d at 145, n. 16.

A decision on the merits is contrary to clearly established federal law when it is either contrary to Supreme Court precedent on a question of law or opposite to a relevant Supreme Court case with materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).  A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner.  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Although "[s]ome increment of incorrectness beyond error is required" in order to grant a federal habeas application, that increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence."  *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000) (quotation marks and citation omitted); *see also Hawkins v. Costello*, 460 F.3d 238, 243 (2d Cir. 2006), *cert. denied*, 549 U.S. 1215 (2007).  The state court's determination of a factual issue is presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005), *cert. denied*, 546 U.S. 884 (2005); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

**B.  Timeliness**

Respondent argues that the claims alleging ineffective assistance of trial and appellate counsel should be dismissed as time-barred because the claims do not relate back to the original pleading.  Dkt. No. 40 at 26-30.

The AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  *Id.* at § 2244(d)(1)(A).  A state

5

conviction becomes "final" when certiorari is denied by the United States Supreme Court or when the time to seek certiorari has expired, which is ninety days after the date direct review of the case has been completed by the highest court in the state.  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001), *cert. denied* 534 U.S. 924 (2001).

On February 23, 2007, Petitioner filed his original petition.  Dkt. No. 1 at 12.  On May 29, 2007, the one-year statute of limitations expired.[5]  On October 26, 2009, Petitioner filed the amended petition.  Dkt. No. 32.

The foregoing demonstrates that the **original** petition was timely filed because it was filed before the statute of limitations expired.  However, the **amended** petition was untimely filed because it was filed after the statute of limitations expired.

Petitioner appears to concede that the amended petition is untimely, but appears to argue that the statute of limitations should be tolled.  Dkt. No. 44 at 1.  He stated that he "does not have any bearing regarding the amount of time it takes a Court to rule on his motions.  Therefore, Petitioner should not be held responsible for the default."  *Id.*

To the extent that Petitioner is arguing that statutory tolling should apply, this argument is unavailing.  The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2); *Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).  The Second Circuit went on to

---

[5]  Petitioner's conviction became "final" for purposes of the AEDPA on or about May 29, 2006, which is ninety days after the New York Court of Appeals denied leave to appeal.  *People v. Rodriquez*, 6 N.Y.3d 817 (N.Y. 2006).  Thus, the AEDPA statute of limitations expired one year later, on or about May 29, 2007.

announce that a state court application or motion for collateral relief is "'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120; *see also Carey v. Saffold*, 536 U.S. 214, 217, 220-21 (2002). "To toll the AEDPA statute of limitations, the state petition must be . . . pending during the tolling period." *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005), *cert. denied*, *Haponik v. Fernandez*, 546 U.S. 816 (2005).

Here, the statute of limitations expired on May 29, 2007, which is before Petitioner filed his § 440 motion and coram nobis petition on December 13, 2007, and November 13, 2008, respectively.  Exs. G & L.  Thus, statutory tolling is not warranted.

To the extent that Petitioner is arguing that equitable tolling should apply, this argument is also unavailing.   Although the AEDPA does not provide that the statute of limitations may be tolled for any reason other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period.  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied* 531 U.S. 840 (2000)), *cert. denied* 546 U.S. 961 (2005) (internal quotation marks and citations omitted). In order to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted), *cert. denied* 129 S. Ct. 168 (2008); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling applies to otherwise untimely habeas claims because the parties agreed that it did; a petitioner must show that he diligently pursued his rights and that extraordinary circumstances prevented him from filing on

7

time).  To show that extraordinary circumstances prevented a petitioner from filing a timely petition, a "petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001), *cert. denied* 536 U.S. 925 (2002)).  Here, Petitioner has not alleged that "extraordinary circumstances" prevented him from filing his amended petition on time, and no such circumstances are apparent on the record before the Court.  Accordingly, equitable tolling is not warranted.

Thus, any additional claims that Petitioner wishes to add via the amended petition will be time-barred unless they relate back to the original petition for purposes of Rule 15(c) of the Federal Rules of Civil Procedure.  *See Ching v. United States*, 298 F.3d 174, 181 (2d Cir. 2002) (stating that Fed. R. Civ. P. 15(c) governs the timeliness of a motion to amend submitted after § 2244(d)(1)'s statute of limitations has expired).

Rule 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c).  The "relation back" principle of Rule 15(c) applies to petitions for habeas corpus. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000).

"So long as the original and amended petition[] state[s] claims that are tied to a common core of operative facts, relation back will be in order."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005). However, if the proposed amended habeas petition "asserts a new ground for relief supported by

facts that differ in both time and type from those the original pleading set forth" relation back is not appropriate. *Id.* at 649.

The **original** petition asserted that: (1) the trial court erred by allowing the prosecutor to impeach its own witnesses, and by admitting the handgun into evidence; (2) the evidence was insufficient to convict Petitioner of one of the weapon possession charges; and (3) the sentence was unduly harsh and severe.  Dkt. No. 1.

The **amended** petition asserts the first two claims that were raised in the original petition. Dkt. No. 32.  In addition, the amended petition asserts that Petitioner received ineffective assistance of counsel from both trial and appellate counsel.  *Id.*

The Court finds that the new grounds raised in the amended petition (ineffective assistance of trial and appellate counsel) do not relate back for purposes of Rule 15(c).  While the new grounds arise generally from alleged errors committed with respect to Petitioner's trial and direct appeal, the trial itself is not the "transaction" or "occurrence" that counts in determining whether a common core of operative facts exists.  *Mayle*, 545 U.S. at 660-61.  Instead, the "essential predicate[s]" of the new grounds rely upon distinct events and circumstances (*e.g.* alleged failures by trial counsel to request a continuance, present a viable defense, conduct an investigation or present witnesses by trial counsel, and alleged failure by appellate counsel to argue that trial counsel was ineffective) that were not the subject of claims raised in the original petition.  *See* Dkt. No. 32.

Therefore, relation back must be rejected because nothing on the face of the original petition would have given Respondent fair notice of prospective ineffective assistance claims.[6]  Accordingly,

---

[6]  *See Porter v. Greiner*, No. CV 00-6047, 2005 WL 3344828, at *10 (E.D.N.Y. Nov. 18, 2005); *see also Perez v. Greiner*, No. 00Civ.5504, 2004 WL 2937795, at * 3 (S.D.N.Y. Dec. 17, 2004) (holding that "because there is nothing in Perez's original habeas corpus petition which gives

the Court recommends that Petitioner's ineffective assistance claims be dismissed as untimely.

**C.      Exhaustion**

Respondent argues that Petitioner failed to exhaust certain claims, but that the claims should be deemed exhausted and procedurally barred.  Dkt. No. 40 at 17-24.  Specifically, Respondent refers to the following claims: (1) trial counsel was ineffective for failing to adequately cross-examine the People's firearm expert;[7] (2) the trial court erred by allowing the prosecutor to impeach his own witnesses; and (3) the trial court erred by admitting the gun into evidence.  *Id.*

The first claim was not fairly presented to the state courts.  Petitioner did not raise this claim on direct appeal or in his § 440 motion or coram nobis petition.[8]  Exs. A, G, L.  Regarding the second and third claims, Petitioner's counsel asserted similar arguments on direct appeal, but the claims were not presented in federal constitutional terms.  Ex. A at 24-37.

There is no longer a state court in which Petitioner can raise these arguments.  He cannot present the arguments to the Court of Appeals in the future because he is entitled to only one leave application.  Moreover, raising these arguments in a C.P.L. § 440 motion would be futile because

---

the respondent fair notice of the newly alleged claims [*i.e.*, ineffective assistance of appellate counsel], it does not appear that those claims relate back to the original petition."); *Escobar v. Senkowski*, No. 02 Civ. 8066, 2004 WL 1698626, at *3 n. 3 (S.D.N.Y. July 28, 2004) ("There is nothing in the Petition that gives Respondent fair notice of the ineffective assistance of counsel claims now asserted, and therefore, it is doubted that the assertion of these new claims would relate back to the filing of the original Petition."); *Brown v. Donelly*, 258 F. Supp. 2d 178, 183-84 (E.D.N.Y. 2003) (finding that petitioner's ineffective assistance of counsel claims did not relate back to claims in original petition); *Brown v. United States*, No. 02 Civ. 9305, 2003 WL 22047879, at *3 (S.D.N.Y. Aug. 29, 2003).

[7]  As previously discussed, Respondent also argues that the ineffectiveness claims should be dismissed as time-barred.  Dkt. No. 40 at 26-30.

[8]  In the coram nobis petition, Petitioner argued that *appellate* counsel was ineffective for failing to argue that trial counsel was ineffective.

Petitioner failed to raise these arguments on direct appeal.  N.Y. C.P.L. § 440.10(2)(c) bars

collateral proceedings when a criminal defendant has failed to raise the grounds on direct appeal.

Thus, since no remaining avenue exists in which Petitioner could raise these claims, they are

deemed exhausted but procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991);

*Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001); *Spence v. Superintendent, Great Meadow Corr.*

*Fac.*, 219 F.3d 162, 170 (2d Cir. 2000).

 In light of the foregoing, this Court may review these claims only if Petitioner demonstrates

cause for the default and resulting prejudice, or that the failure of the federal court to review the

claim will result in a "fundamental miscarriage of justice," *i.e.*, that he is innocent.  *Calderon v.*

*Thompson*, 523 U.S. 538, 559 (1998); *Coleman*, 501 U.S. at 748-750.  To establish "cause"

sufficient to excuse a procedural default, a petitioner must show that some objective external factor

impeded his or her ability to comply with the relevant procedural rule.  *Coleman*, 501 U.S. at 753;

*Restrepo v. Kelly*, 178 F.3d 634, 638-39 (2d Cir. 1999).  When a petitioner has failed to establish

adequate cause for his procedural default, the court need not determine whether he suffered

prejudice, since federal habeas relief is generally unavailable as to procedurally defaulted claims

unless both cause and prejudice are demonstrated.  *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985).

 Petitioner fails to show that some objective external factor impeded his ability to comply

with the relevant procedural rule.  Thus, Petitioner has not established cause for the default.

Petitioner also fails to show that a fundamental miscarriage of justice will result from no federal

review of these claims.  Accordingly, Petitioner's claims that trial counsel was ineffective for failing

to adequately cross-examine and that the trial court erred by allowing the prosecutor to impeach his

own witnesses, and by admitting the gun into evidence, should be denied.

**D.      Procedural Bar**

Petitioner argues that the evidence was insufficient to convict him of one of the weapon

possession charges.  Dkt. No. 32 at 6.  Respondent argues, *inter alia*, that this claim should be

dismissed as procedurally barred.  Dkt. No. 40 at 56-59.

On direct appeal, Petitioner claimed that the evidence was insufficient to prove beyond a

reasonable doubt that he committed one of the possession charges.  Ex. A at 38-41.  The Appellate

Division dismissed the claim, as follows:

> Defendant failed to preserve for our review his contention that the People failed to
> establish that he knowingly possessed a defaced handgun and thus that the evidence
> is legally insufficient with respect to the conviction of criminal possession of a
> weapon in the third degree under Penal Law § 265.02(3).

*Rodriquez*, 24 A.D.3d at 1321.

Generally, a federal court may not reach the merits of a petitioner's habeas claim if the state

courts' rejection of the petitioner's federal claim rested "on a state law ground that is independent of

the federal question and adequate to support the judgment."  *Coleman*, 501 U.S. at 729.  "To

determine whether a state procedural bar is adequate to support the judgment, a federal habeas court

should look to whether the state rule at issue is firmly established and regularly followed."  *Clark v.

Perez*, 510 F.3d 382, 391 (2d Cir. 2008).  New York's contemporaneous objection rule is a

procedural rule that is "firmly established and regularly followed."  *Garvey v. Duncan*, 485 F.3d

709, 714-15, 718 (2d Cir. 2006).  The failure to object at trial on a specific ground "results in a

procedural bar unless application of the state rule is exorbitant."  *Texidor v. Artus*, No. 06 Civ.

7173, 2007 WL 1982271, at *4 (S.D.N.Y. July 10, 2007).

The Second Circuit has identified three factors to be considered when evaluating the

application of a state procedural bar in the context of the contemporaneous objection rule, including whether 1) "perfect compliance with the rule would have changed the trial court's decision;" 2) state case law indicated that compliance with the rule was required in the specific circumstances; and 3) the petitioner "substantially complied" with the rule given the "realities of the trial." *Garvey*, 485 F.3d at 719-20 (quoting *Lee v. Kenna*, 534 U.S. 362, 381-85 (2002)); *see also Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003).

Here, the Appellate Division's application of the procedural bar was reasonable. New York law requires a specific, contemporaneous objection for an argument to be preserved for appellate review. *See* N.Y. C.P.L. § 470.05(2); *People v. Gray*, 86 N.Y.2d 10, 19 (1995). Had counsel objected to the sufficiency of the evidence with respect to one of the charges, the trial court would have been afforded a timely opportunity to consider the objection before the issue was raised on appeal. *See Garvey*, 485 F.3d at 715-16. Thus, the Appellate Division's application of the state procedural bar constitutes an independent and adequate state ground for the Appellate Division's holding. *Id.*

This court may review the procedurally barred claim only if Petitioner demonstrates cause for the default and resulting prejudice, or a "fundamental miscarriage of justice." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Coleman v. Thompson*, 501 U.S. 722, 748-750 (1991). Petitioner offers no explanation for his failure to fairly present his objection to the trial court. Moreover, Petitioner does not claim that trial counsel was ineffective for failing to object to the sufficiency of the evidence. In sum, Petitioner has not shown cause and prejudice. Accordingly, Petitioner's claim should be denied on the basis that the claim is procedurally barred from this Court's review by an independent and adequate state law ground.

13

**WHEREFORE**, based upon the foregoing, it is hereby

**RECOMMENDED**, that the amended petition for a writ of habeas corpus (Dkt. No. 32) be **DENIED** and **DISMISSED**.  Furthermore, I find that Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied*, 531 U.S. 873.  Therefore, I recommend that no certificate of appealability issue with respect to any of Petitioner's claims; and it is further

**ORDERED**, that the that the Clerk serve copies of the electronically-available-only opinions cited herein on Petitioner.[9]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: June 25, 2010
      Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[9] Those decisions include *Porter v. Greiner*, No. CV 00-6047, 2005 WL 3344828 (E.D.N.Y. Nov. 18, 2005); *Perez v. Greiner*, No. 00Civ.5504, 2004 WL 2937795 (S.D.N.Y. Dec. 17, 2004); *Escobar v. Senkowski*, No. 02 Civ. 8066, 2004 WL 1698626 (S.D.N.Y. July 28, 2004); *Brown v. United States*, No. 02 Civ. 9305, 2003 WL 22047879 (S.D.N.Y. Aug. 29, 2003); and *Texidor v. Artus*, No. 06 Civ. 7173, 2007 WL 1982271 (S.D.N.Y. July 10, 2007).