UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LUCAS RODRIGUEZ,

                Petitioner,

    -against-                              9:07-CV-0217 (LEK/GHL)

JOHN W. BURGE,

                Respondent.

## DECISION AND ORDER

        This matter comes before the Court following a Report-Recommendation filed on June 25, 2010 by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 46).  On July 12, 2010, Petitioner Lucas Rodriguez ("Petitioner") filed objections to Report-Recommendation.  Dkt. No. 47 ("Objections").

        This Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>  Where, however, an objecting "'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting <u>McAllan v. Von Essen</u>, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).  "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner's Objections essentially relate to the unfairness that would result were this Court to apply, as the Magistrate Judge did, the procedural rules governing his action. See generally Objections. Petitioner contends that "[a]t no point did the court advise the Petitioner that even though his petition is stayed there was still a federal deadline for timeliness." Id. Moreover, Petitioner asserts that to hold him, as a *pro se* litigant to the same standards as defense attorneys is "preposterous," and because he showed no blatant disregard for procedural rules, strict application of those rules would constitute an "egregious error." Id.

While the Court is sympathetic to the difficulties faced by *pro se* litigants, Petitioner's Objections are untenable. This Court affords *pro se* litigants special solicitude, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006), however, a litigant's "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." Id. (citation omitted). Thus, the procedural rules, correctly articulated and applied in the Magistrate Judge's Report-Recommendation apply in full to Petitioner's action. After examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.

For the above reasons, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 46) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Petitioner's amended Petition (Dkt. No. 32) is **DISMISSED** in its entirety, and it is further

**ORDERED**, that no certificate of appealability shall issue with respect to any of Petitioner's claims, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:	July 15, 2010
	Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge